1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RACHEL BRANNIGAN et al.,

Plaintiff,

v.

NANCY CARY et al.,

Defendant.

CASE NO. 3:25-cv-05524-DGE

ORDER ON MOTIONS TO
DISMISS (DKT NOS. 7, 9)

## I     INTRODUCTION

This matter comes before the Court on two motions to dismiss, the first from Defendants Umpqua Bank, Clay Brangham, Carl Paulino, and Robin Starr ("Umpqua Defendants") (Dkt. No. 7), and the second from Defendant Nancy Cary (Dkt. No. 9). Plaintiff did not respond to either motion. For the reasons set for below, both motions are GRANTED.

## II     BACKGROUND

On May 2, 2025, Plaintiffs Rachel Brannigan and Christopher Sherfick, proceeding *pro se*, filed a complaint against Umpqua Bank, Maggie Roth, and Nancy Cary in Jefferson County

Superior Court.  (Dkt. No. 1-1.)  On May 19, 2025, Plaintiffs amended their complaint to include Clay Brangham, Susan Brandt, Robin Starr, Carl Paulino, and Quincy Qualls.  (Dkt. No. 1-2.) Plaintiffs' complaint contains numerous causes of action, all of which relate to the events surrounding their property being foreclosed.  Plaintiffs' First Amended Complaint alleges violations of Real Estate Settlement Procedures Act ("RESPA"), 42 U.S.C. § 1983,[1] the Washington Deed of Trust Act ("WDTA"), and the Washington Consumer Protection Act.  (Dkt. No. 1-2 at 10-11.)  Plaintiffs also bring several claims under Washington law, including quiet title, wrongful foreclosure, fraud, slander of title, unjust enrichment, declaratory and injunctive relief, wrongful eviction, defamation/slander of character, and breach of fiduciary duty.[2]  (*Id.* at 9-13.)

On June 13, 2025, Umpqua Defendants removed the case to this Court.  (Dkt. No. 1.)  On July 2, 2025, Umpqua Defendants moved to dismiss Plaintiffs' First Amended Complaint for failure to state a claim and insufficient service of process.  (Dkt. No. 7.)  On July 7, 2025, Cary moved to dismiss Plaintiffs' First Amended Complaint for failure to state a claim, insufficient process, and insufficient service of process.  (Dkt. No. 9.)  On July 30, 2025, Cary moved to join Umpqua Defendants' motion to dismiss Plaintiffs' First Amended Complaint.  (Dkt. No. 11.)

Plaintiffs failed to respond to either motion to dismiss.

---

[1] The § 1983 claim is not identified in the 12 causes of action listed at the beginning of the Amended Complaint but is identified as the "Eighth Cause of Action" later in the Amended Complaint.  (*See* Dkt. No. 1-2 at 1–2, 11.)  Moreover, the § 1983 claim arises out of alleged conduct by the Jefferson County Sheriff's Office, but Jefferson County was not named as a defendant in the Amended Complaint.  (*Id*. at 11)

[2] Both defamation/slander of character and breach of fiduciary duty were listed as causes of action on the first page of the Amended Complaint but were not within the cause of action section later in the Amended Complaint.  (*See id*. at 1–2, 9–13.)

### III    DISCUSSION

The Court must address Plaintiffs' failure to respond to either of the motions to dismiss filed by the parties. "Parties have an obligation to respond to motions." *Patel v. City of Los Angeles*, 791 F. App'x 688, 689 (9th Cir. 2020). A party's failure to timely oppose a motion to dismiss "may be considered . . . as an admission that the motion has merit." Local Civil Rule 7(b)(2); *see also Rendon v. County of Orange*, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) ("A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court rules and orders is well-established").

Prior to granting a motion to dismiss on this basis, however, "the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (internal citation and quotation omitted).

"There is a significant public interest in the speedy and efficient resolution of litigation and 'delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process.'" *Hewitt v. Wells Fargo Bank*, Case No. 3:22-cv-05729-DGE, 2022 WL 17144728, at *2 (W.D. Wash. Nov. 22, 2022) (quoting *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)). Moreover, the Court's limited resources "are best spent on cases with a strong chance of resulting in relief," and Plaintiffs' failure to respond to the motions to dismiss indicates "a lack of belief in [the] merits" of this case. *Solorio v. Garland*, Case No. C21-1068 RSL-TLF, 2021 WL 5967939, at *1 (W.D. Wash. Dec. 1, 2021). As such, the first

two factors favor dismissal.  The third factor also favors dismissal, as unreasonable delay is presumed prejudicial.  *Hewitt*, 2022 WL 17144728, at *2.

Regarding the fourth factor, Plaintiffs have failed to participate in these proceedings by not offering any opposition to the present motions to dismiss.  It, therefore, is impossible to reach a disposition of the case on the merits.[3]

Lastly, the final *Ghazali* factors requires the Court to consider the availability of less drastic sanctions.  Both Umpqua Defendants and Cary moved to dismiss with prejudice.  (Dkt. Nos. 7, 9.)  Plaintiffs were served with both motions to dismiss via e-mail and first-class mail.  (Dkt. Nos. 7 at 20, 9 at 24.)  However, the Court finds that dismissal without prejudice is an available and less drastic sanction in that Plaintiffs have not been explicitly advised of the possibility of dismissal for failure to comply with the Local Rules.

## IV    CONCLUSION

For the reasons set forth above, the Court GRANTS the motions to dismiss (Dkt. No. 7, 9) without prejudice.  Plaintiffs are hereby ORDERED to show cause, no later than **September 30, 2025**, why their remaining causes of action against Roth, Brandt, and Qualls should not be dismissed for failure to prosecute.  Absent a timely response to this Order, this case shall be dismissed without prejudice.

The Clerk is directed to calendar this event.

Dated this 9th day of September, 2025.

---

[3] Although the Court has not conducted a complete analysis, a preliminary review of the two motions to dismiss provide evidence that the Defendants complied with RESPA and WDTA.  Because Plaintiffs have not responded to the motions or otherwise identified defects in the evidence presented, we assume the evidence is accurate.

David G. Estudillo
United States District Judge

ORDER ON MOTIONS TO DISMISS (DKT NOS. 7, 9) - 5